UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

F4W, Inc., a Florida corporation,

Plaintiff,

vs.   CASE NO.:

AT&T GOVERNMENT SOLUTIONS, INC.,   6:13-cv-375-Orl-28 TBS
a foreign corporation and
MISSIONMOBILITY, LLC, a foreign
Limited Liability Company

Defendants.
_____/

## COMPLAINT FOR PATENT INFRINGEMENT

F4W, Inc., a Florida corporation ("F4W"), sues Defendants, AT&T Government Solutions, Inc., a foreign corporation ("AT&T") and MissionMobility, LLC, a foreign limited liability company ("MissionMobility") and alleges as follows:

1. F4W is an industry leader in providing secure and reliable solutions to communicating during disaster responses by eliminating network and device barriers often in place that did not allow people to communicate when traditional infrastructures were destroyed or simply just not there. At issue in this litigation is F4W's patented and proprietary Core Communication Kits. As described hereinafter, the F4W Core Communication Kits are proprietary and patent-protected. AT&T and Mission Mobility are direct competitors of F4W. However, the products manufactured and/or marketed by AT&T and Mission Mobility infringe on patents held by F4W. Accordingly, F4W brings this action for patent infringement to redress the misappropriation of F4W's Emergency Communication Technology.

1611280 Doc 15v2

## PARTIES

2. F4W is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Lake Mary, Florida.

3. AT&T is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Virginia.

4. MissionMobility is a limited liability company organized and existing under the laws of the State of Virginia, with its principal place of business in Virginia.

## JURISDICTION AND VENUE

5. The claims alleged herein arise under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over AT&T and Mission Mobility. AT&T and Mission Mobility offer products for sale within the Middle District of Florida and within the Middle District of Florida, Orlando Division.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## BACKGROUND TO THE ACTION

9. For decades, federal, state and local disaster and emergency response agencies have struggled with efforts to obtain reliable, dependable and easily deployable communications systems in the aftermath of natural disasters, including hurricanes, tornadoes and earthquakes. With the advent of satellite technologies, many companies began to develop mobile emergency response vehicle systems which incorporated communication technologies which integrated

traditional telephony, internet and satellite systems. For many years, television broadcasts showed images of large tractor trailers, vans and even SUVs with roof mounted satellites being used to establish communication systems in the wake of natural disasters. These early systems were cumbersome, expensive, and, most seriously, frequently taking hours or days to deploy. Moreover, the technical expertise required for operators of such systems severely limited the adequate staffing and deployment of these monolithic systems.

10. F4W is an industry leader which realized the potential for the development of easily man-portable satellite communication kits, systems, and methods, which could be easily operated by a person with little or no technical expertise or training.

11. In accordance with the American system of providing protection for those who develop innovative technologies, F4W applied for and obtained patent protection for its proprietary technology.

## THE ASSERTED PATENTS

12. F4W is the lawful owner of United States Patent Nos. 8,175,632 (the "'632 Patent"), 7,546,139 (the "'139 Patent"). The '632 Patent and the '139 Patent, described generally, relate to a system for establishing and maintaining communications across disparate networks comprised of a satellite dish and a control unit comprising a network management server and a satellite data conversion component, embodied in a man-portable kit. Copies of the '632 Patent and the '139 Patent are attached hereto as **Exhibits "A" and "B"**, respectively. The '632 Patent and the '139 are hereinafter collectively referred to as the "Asserted Patents".

## ACTS GIVING RISE TO THE ACTION

13. For several years, AT&T and MissionMobility have been direct competitors with F4W. MissionMobility manufactures a product which competes directly with F4W's

3

communication kits, and AT&T markets and sells the competing product manufactured by MissionMobility. The communication systems manufactured and marketed by F4W and Mission Mobility, and systems manufactured by MissionMobility which are marketed by AT&T are sold to a fairly narrow customer base, consisting principally of federal, state and local disaster response agencies and companies, for example, those engaged in off-shore oil exploration. On occasion, however, individual businesses will purchase the communication systems manufactured and/or marketed by F4W, AT&T and MissionMobility.

14. F4W, MissionMobility and AT&T representatives regularly attend the same industry trade shows. Following F4W's development of the technology protected by the '632 Patent and the '139 Patent, and later the '900 Patent, AT&T and MissionMobility representatives recognized the serious competitive advantage which F4W enjoyed in the industry due to its development of an integrated kit which could be easily operated by a person with little or no technical knowledge and could be operated without the need for a centralized server.

15. F4W filed its Provisional Patent Application on December 27, 2005, a copy of which is attached hereto as **Exhibit "C"**.

16. The '139 Patent was issued on June 9, 2009 and claimed the benefit of the Provisional Patent Application.

17. The '632 Patent was issued on May 8, 2012, is a divisional application of the '139 Patent and, as such, also claims the benefit of the Provisional Patent Application.

18. The MissionMobility product displayed on AT&T's website at http://www.corp.att.com/gov/docs/TS0281_MoraleSat.pdf infringes on each of the Asserted Patents. The MissionMobility product displayed on MissionMobility's website at

http://www.missionmobility.com/guardian-series.aspx similarly infringes on each of the Asserted Patents.

Copies of screen images of the infringing product offered by AT&T and MissionMobility are attached hereto as Composite **Exhibits "D" and "E"**, respectively.

19. Referring initially to the '632 patent, the AT&T Satellite Solution and the Mission Mobility Guardian Series offered for sale each include a kit for establishing and maintaining communications across disparate networks. Upon information and belief, this kit includes a network management server comprising a wireless network interface, a wired network interface and an Internet network interface. The AT&T Satellite Solution and MissionMobility Guardian Series products also include a satellite data conversion component in communication with the network management server.

20. With respect to the '139 patent, the AT&T Satellite Solution and MissionMobility Guardian Series products each provide a system for establishing and maintaining communications over two or more disparate networks that includes a satellite dish that is alignable with an airborne satellite and a control unit. Once implemented, the systems enable communications over the Internet and across a wireless local area network.

21. As indicated above, and as clearly advertised as an offering on AT&T's website, the AT&T Satellite Solution provides "global connectivity for voice, video and data...It is used for morale, welfare, and recreational communications, public internet access for email, voice over Internet protocol (VoIP), and video conferencing with commercially available, web-based products." The AT&T website goes on to indicate that it "uses very small aperture satellite terminals (VSATs), commercial bandwidth, and open Internet connectivity to optimize deployed military personnel's ability to access commercial websites and services, and social networking

services." It further "provides connectivity in places where none previously existed." The AT&T Satellite Solution also contains MissionMobility's product, which is clearly advertised on MissionMobility's website as providing "fully autonomous...voice and secure data connectivity anywhere in the world." It is "able to operate on multiple power sources or standalone for extended periods of time." It "delivers sustained phone communications via PSTN and/or private telephone networks, and secure data connectivity to private networks and the Internet." It has "optional radio interoperability." It comes in a case. It takes a short period of time to begin operating, "a matter of minutes." It includes 4 "POTS Land-based phone lines" and "secure telephone equipment."

22.    With respect to the '139 Patent and the '632 Patent, in accordance with 35 U.S.C. § 287, AT&T and MissionMobility were notified of the infringement by written notification no later than August 18, 2012 and continued to infringe thereafter, attached hereto as **Exhibit "F"**. Due to this notification, AT&T and MissionMobility had actual knowledge of F4W's Patents and the infringement. The written notification specified the patent kits, systems, and/or processes which have been infringed upon and the reasons for that good faith belief.

## COUNT I: INFRINGEMENT OF THE '632 PATENT BY MISSIONMOBILITY
### (35 U.S.C. § 271(a), (b) and (c))

23.    F4W realleges and incorporates by reference paragraphs 1 through 22 above as if fully set forth herein.

24.    MissionMobility, on information and belief, has infringed and continues to infringe the '632 Patent by performing the steps of at least one claim of the '632 Patent, in violation of 35 U.S.C. § 271(a), by using the kit within the United States.

25.    MissionMobility, on information and belief, has infringed and continues to infringe the '632 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others

to infringe and/or contributing to the infringement by others to perform the steps of at least one of the claims of the Asserted Patents by using the kit within the United States.

26. F4W has suffered and will suffer monetary damages as a result of MissionMobility's infringement of the '632 Patent in an amount to be determined at trial.

27. F4W has suffered irreparable harm as a result of MissionMobility's infringement of the '632 Patent and will continue to suffer irreparable harm unless MissionMobility is enjoined from infringing the '632 Patent.

## COUNT II: INFRINGEMENT OF '139 PATENT BY MISSIONMOBILITY
### (35 U.S.C. § 271(a), (b) and (c))

28. F4W realleges and incorporates by reference paragraphs 1 through 22 above as if fully set forth herein.

29. MissionMobility, on information and belief, is infringing the '139 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the system, within the United States, and/or importing the system into the United States.

30. MissionMobility, on information and belief, has infringed and continues to infringe the '139 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others in the using, offering to sell, and/or selling the system, within the United States.

31. F4W has suffered and will suffer monetary damages as a result of MissionMobility's infringement of the '139 Patent in an amount to be determined at trial.

32. F4W has suffered irreparable harm as a result of MissionMobility's infringement of the '139 Patent and will continue to suffer irreparable harm unless MissionMobility is enjoined from infringing the '139 Patent.

## COUNT III: INFRINGEMENT OF THE '632 PATENT BY MISSIONMOBILITY
(35 U.S.C. § 271(a))

33. F4W realleges and incorporates by reference paragraphs 1 through 22 above as if fully set forth herein.

34. MissionMobility, on information and belief, is infringing the '632 Patent in violation of 35 U.S.C. § 271(a) by using, offering to sell, and/or selling the kit within the United States.

35. F4W has suffered and will suffer monetary damages as a result of MissionMobility's infringement of the '632 Patent in an amount to be determined at trial.

36. F4W has suffered irreparable harm as a result of MissionMobility's infringement of the '632 Patent and will continue to suffer irreparable harm unless MissionMobility is enjoined from infringing the '632 Patent.

## COUNT IV: INFRINGEMENT OF THE '139 PATENT BY MISSIONMOBILITY
(35 U.S.C. § 271(a))

37. F4W realleges and incorporates by reference paragraphs 1 through 22 above as if fully set forth herein.

38. MissionMobility, on information and belief, has infringed and continues to infringe the '139 Patent in violation of 35 U.S.C. § 271(a) by using, offering to sell, and/or selling the system within the United States.

39. F4W has suffered and will suffer monetary damages as a result of MissionMobility's infringement of the '139 Patent in an amount to be determined at trial.

40. F4W has suffered irreparable harm as a result of MissionMobility's infringement of the '139 Patent and will continue to suffer irreparable harm unless MissionMobility is enjoined from infringing the '139 patent.

### COUNT V: INFRINGEMENT OF THE '632 PATENT BY AT&T
### (35 U.S.C. § 271(a), (b) and (c))

41. F4W realleges and incorporates by reference paragraphs 1 through 22 above as if fully set forth herein.

42. AT&T, on information and belief, has infringed and continues to infringe the '632 Patent by performing the steps of at least one claim of the '632 Patent, in violation of 35 U.S.C. § 271(a), by making, using, offering to sell, and/or selling the kit, within the United States, and/or importing the kit into the United States and/or using the kit within the United States.

43. AT&T, on information and belief, has infringed and continues to infringe the '632 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others to perform the steps of at least one of the claims of the Asserted Patents by using, offering to sell, and/or selling the kit, within the United States.

44. F4W has suffered and will suffer monetary damages as a result of AT&T's infringement of the '632 Patent in an amount to be determined at trial.

45. F4W has suffered irreparable harm as a result of AT&T's infringement of the '632 Patent and will continue to suffer irreparable harm unless AT&T is enjoined from infringing the '632 Patent.

### COUNT VI: INFRINGEMENT OF THE '139 PATENT BY AT&T
### (35 U.S.C. § 271(a), (b) and (c))

46. F4W realleges and incorporates by reference paragraphs 1 through 22 above as if fully set forth herein.

47. AT&T, on information and belief, is infringing the '139 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the kit, within the United States, and/or importing the kit into the United States.

48. AT&T, on information and belief, has infringed and continues to infringe the '139 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing others to infringe and/or contributing to the infringement by others to perform the steps of at least one of the claims of the Asserted Patents by using, offering to sell, and/or selling the kit, within the United States.

49. F4W has suffered and will suffer monetary damages as a result of AT&T's infringement of the '139 Patent in an amount to be determined at trial.

50. F4W has suffered irreparable harm as a result of AT&T's infringement of the '139 Patent and will continue to suffer irreparable harm unless AT&T is enjoined from infringing the '139 Patent.

## COUNT VII: INFRINGEMENT OF THE '632 PATENT BY AT&T
(35 U.S.C. § 271(a))

51. F4W realleges and incorporates by reference paragraphs 1 through 22 above as if fully set forth herein.

52. AT&T, on information and belief, is infringing the '632 Patent in violation of 35 U.S.C. § 271(a) by using, offering to sell, and/or selling the method within the United States.

53. F4W has suffered and will suffer monetary damages as a result of AT&T's infringement of the '632 Patent in an amount to be determined at trial.

54. F4W has suffered irreparable harm as a result of AT&T's infringement of the '632 Patent and will continue to suffer irreparable harm unless MissionMobility is enjoined from infringing the '632 Patent.

## COUNT VIII: INFRINGEMENT OF THE '139 PATENT BY AT&T
(35 U.S.C. § 271(a))

55. F4W realleges and incorporates by reference paragraphs 1 through 22 above as if fully set forth herein.

56. AT&T, on information and belief, is infringing the '139 Patent in violation of 35 U.S.C. § 271(a) by using, offering to sell, and/or selling the method within the United States.

57. F4W has suffered and will suffer monetary damages as a result of AT&T's infringement of the '139 Patent in an amount to be determined at trial.

58. F4W has suffered irreparable harm as a result of AT&T's infringement of the '139 Patent and will continue to suffer irreparable harm unless MissionMobility is enjoined from infringing the '139 Patent.

## PRAYER FOR RELIEF

WHEREFORE, F4W respectfully requests this Court:

A. To enter judgment that MissionMobility and AT&T infringed the Asserted Patents in violation of 35 U.S.C. § 271(a), (b), and/or (c);

B. To enter orders enjoining MissionMobility and AT&T, and its respective officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of the foregoing, who receive actual notice by personal service or otherwise of the orders, from infringing the Asserted Patents in violation of 35 U.S.C. § 271(a), (b), and/or (c);

C. To award F4W its respective damages in amounts sufficient to compensate it for MissionMobility's and AT&T's infringement of the Asserted Patents, together with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

D. A finding that MissionMobility and AT&T willfully infringed the '139 Patent and the '632 Patent, and award punitive damages pursuant to 35 USC § 284.

E. To declare this case to be "exceptional" under 35 U.S.C. § 285 and to award F4W its attorneys' fees, expenses, and costs incurred in this action; and

F. To award F4W such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff F4W respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

**MORGAN & MORGAN, P.A.**

By: *[signature]*
David S. Oliver
Florida Bar No.: 529122
20 N. Orange Avenue
Suite 1600
P.O. Box 4979 (32802)
Orlando, FL 32801
Telephone: (407) 849-2972
Facsimile: (407) 245-3351
DOliver@forthepeople.com

Dated: March 4, 2013

**ZIES WIDERMAN & MALEK**

By: *[signature]*
Mark R. Malek
Florida Bar No. 571385
1900 W. New Haven
Suite 201
Melbourne, FL 32904
Telephone: (321) 255-2332
Facsimile: (321) 255-2351
Mark@legalteamusa.com

Dated: March 4, 2013